1   Patrick H. Hicks, Bar No. 131509
    phicks@littler.com
2   LITTLER MENDELSON, P.C.
    3960 Howard Hughes Parkway
3   Suite 300
    Las Vegas, NV 89169.5937
4   Telephone:  702.862.8800
    Fax No.:     702.862.8811
5
    Jamie Y. Lee, Bar No. 228389
6   jylee@littler.com
    LITTLER MENDELSON P.C.
7   18565 Jamboree Road, Suite 800
    Irvine, CA 92612
8   Telephone:  949.705.3000
    Fax No.:     949.724.1201
9
    Attorneys for Defendant
10  CHARTER COMMUNICATIONS, LLC

11

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14

15  TOM G. BAKAS, an Individual,              Case No.

16              Plaintiff,                     **DEFENDANT CHARTER
                                               COMMUNICATIONS, LLC'S
17       v.                                    NOTICE OF REMOVAL OF
                                               CIVIL ACTION TO FEDERAL
18  CHARTER COMMUNICATIONS,                    COURT ON THE BASIS OF
    LLC, dba SPECTRUM CABLE, a                 DIVERSITY JURISDICTION**
19  Delaware Corporation and a Limited
    Liability Company; PAUL
20  MARCHAND, an Individual; BOB
    PRICHARD, an Individual; DAVID             Complaint Filed: May 8, 2025
21  ACOSTA, an Individual; and DOES 1-
    10, Inclusive,
22
                Defendants.
23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937
702.862.8800

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF TOM G. BAKAS AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant CHARTER COMMUNICATIONS, LLC d/b/a SPECTRUM ("Defendant") hereby removes the above-captioned action Case No. 25STCV13547 from the Superior Court for the State of California, in and for the County of Los Angeles to the United States District Court, Central District of California. This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332") because the parties are of diverse citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. section 1332.

Defendant makes the following allegations in support of its Notice of Removal.

## I.    STATEMENT OF JURISDICTION

1.    This Court has original jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), because it is a civil action wherein the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and it is between "citizens of different States."

## IX.    PLEADINGS, PROCESS, AND ORDERS

2.    On May 8, 2028, Plaintiff Tom G. Bakas ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") in Los Angeles County Superior Court, entitled *Tom G. Bakas, an individual, v. Charter Communications, LLC, dba Spectrum cable, a Delaware Corporation and a Limited Liability Company; Paul Marchand, an Individual; Bob Prichard, an Individual; David Acosta, and Individual; and DOES 1-10, Inclusive,* Case No. 25STCV13547 (the "State Court Action"). The Complaint asserts causes of action for: (1) disability discrimination in violation of FEHA; (2) failure to provide reasonable accommodation in violation of FEHA; (3) failure to

LITTLER MENDELSON, P.C.
Attorneys at Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV
89169.5937

2

engage in interactive process in violation of FEHA; (4) failure to prevent discrimination in violation of FEHA; (5) constructive termination in violation of public policy; (6) failure to provide rest periods; (7) failure to pay overtime wages; (8) individual liability for wage and hour violations; (9) failure to provide accurate itemized wage statements; (10) failure to maintain required records; and (11) unfair business practices.

3.      On May 14, 2025, Plaintiff served Defendant with the Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Alternative Dispute Resolution (ADR) Information Package.  (Declaration of Jamie Y. Lee ("Lee Decl."), ¶ 2 & Exh. A).

4.      On June 3, 2025, Plaintiff extended Defendant's deadline to file a responsive pleading to June 20, 2025.  (Lee Decl., ¶ 3.)  Thereafter, on June 8, 2025, Plaintiff filed a Request for Dismissal (without prejudice) voluntarily dismissing Defendants Paul Marchand, Bob Prichard and David Acosta, along with 8th Cause of Action (Individual Liability for Wage and Hour Violations) and 10th Cause of Action (Failure to Maintain Required Records, in Los Angeles County Superior Court. (Lee Decl., ¶ 4 & Exh. B.)

5.      On June 18, 2025, Defendant filed a general denial and affirmative defenses to the Complaint in Los Angeles County Superior Court. (Lee Decl., ¶ 5 & Exh. C.)

6.      Pursuant to 28 U.S.C. § 1446(d), A through C constitute all process, pleadings, and orders filed in the State Court Action. (Lee Decl., ¶ 6.) To Defendant's knowledge, no other process, pleadings, or orders related to this case have been filed or served by any party in the State Court Action. (*Id.*)

7.      To Defendant's knowledge, no proceedings related hereto have been heard in the State Court Action and no other parties have been named or served with

LITTLER MENDELSON,
P.C.
Attorneys at Law
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937

3

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

1   the Summons and Complaint in the State Court Action. (*Id.* at ¶¶ 7-8.)

2   ## X.   TIMELINESS OF REMOVAL

3       8.      This Notice of Removal is timely filed as it is filed within thirty (30)

4   days of June 8, 2025, the date when Plaintiff voluntarily filed a Request for Dismissal

5   of the individual defendants when it was first ascertained that the case was

6   removable, and within one year from the commencement of the State Court Action.

7   *See* 28 U.S.C. § 1446(b).

8   ## XI.   VENUE

9       9.      Venue lies in the Central District of California, pursuant to 28 U.S.C.

10  sections 84(d), 1441(a), and 1446(a) since Plaintiff originally brought the State Court

11  Action in the Superior Court of the State of California, County of Los Angeles.

12  ## XII.  BASIS FOR REMOVAL

13      10.     This Court has original jurisdiction of the State Court Action based on

14  diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. §

15  1441(a) and (b), the State Court Action may be removed to this Court by Defendant

16  because it is a civil action between citizens of different states and the amount in

17  controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

18  ## XIII. DIVERSITY OF CITIZENSHIP

19      11.     Plaintiff is a Citizen of California. For diversity purposes, a person is a

20  "citizen" of the state in which he or she is domiciled. 28 U.S.C. § 1332(a)(1) (an

21  individual is a citizen of the state in which she or he is domiciled). A person's

22  domicile is the place he or she resides with the intention to remain, or to which he or

23  she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

24  2001). Citizenship is determined at the time the lawsuit is filed. *See Kantor v.*

25  *Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v.*

26  *Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001); *see also Lundquist v. Precision Valley*

27  *Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). Furthermore, allegations of residency

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937

4

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). Plaintiff alleges that he was a resident of Los Angeles County, California at all times relevant to the Complaint. (Complaint, ¶ 1.) Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

12. <u>Defendant is not a Citizen of California</u>. For diversity purposes, a limited liability company's citizenship "is determined by examining the citizenship of each of its members." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). A corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. Section 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Id.* at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

13. The members of Defendant Charter Communications, LLC are as follows:

    a.    Charter Communications, LLC is a Delaware limited liability company with its principal place of business in Missouri.

    b.    The sole member of Charter Communications, LLC is Charter Procurement Leasing, LLC, a Delaware limited liability company with

LITTLER MENDELSON, P.C.
Attorneys at Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV
89169.5937

5

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

its principal place of business in Missouri.

c.     The two members of Charter Procurement Leasing, LLC are Charter Communications Operating, LLC and Charter Leasing Holding Company, LLC, both Delaware limited liability companies with their principal place of business in Missouri.

d.     The sole member of Charter Communications Operating, LLC is CCO Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.

e.     The sole member of Charter Leasing Holding Company, LLC is Charter Communications Operating, LLC.

f.     The sole member of CCO Holdings, LLC is CCH I Holdings, LLC, a Delaware limited liability company with its principal place of business in Missouri.

g.     The sole member of CCH I Holdings, LLC is CCHC, LLC, a Delaware limited liability company with its principal place of business in Missouri.

h.     The sole member of CCHC, LLC is Charter Communications Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.

i.     The sole member of Charter Communications Holding Company, LLC is Spectrum Management Holding Company, LLC, a Delaware limited liability company with its principal place of business in Missouri.

j.     The sole member of Spectrum Management Holding Company, LLC is Charter Communications Holdings, LLC.

k.     The four members of Charter Communications Holdings, LLC are: CCH II, LLC, a Delaware limited liability company with its principal place of business in Missouri; Insight Blocker LLC, a Delaware limited

LITTLER MENDELSON,
P.C.
Attorneys at Law
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937

6

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

1    liability company with its principal place of business in Missouri; CCH
2    Holding Company, LLC, a Delaware limited liability company with its
3    principal place of business in Missouri; and Advance/Newhouse
4    Partnership, a New York General Partnership with its principal place of
5    business in New York.

6    l.    The sole members of CCH II, LLC, Insight Blocker LLC and CCH
7          Holding Company, LLC is Charter Communications, Inc. a publicly-
8          held Delaware corporation with its principal place of business in
9          Connecticut.

10   m.    The partners of Advance/Newhouse Partnership are A/NPC Holdings
11         LLC, a Delaware limited liability company with its principal place of
12         business in New York and A/NP Holdings Sub LLC, a Delaware limited
13         liability company with a principal place of business in New York.

14   n.    The sole member of A/NP Holdings Sub LLC is A/NPC Holdings LLC.

15   o.    The two members of A/NPC Holdings LLC are Newhouse Cable
16         Holdings LLC, a New York limited liability company with its principal
17         place of business in New York and Advance Communications Company
18         LLC, a New York limited liability company with its principal place of
19         business in New York.

20   p.    The sole member of Newhouse Cable Holdings LLC is Newhouse
21         Broadcasting Corporation, a New York corporation with a principal
22         place of business in New York.

23   q.    The sole member of Advance Communications Company LLC is
24         Advance Local Holdings Corp., a Delaware corporation with its
25         principal place of business in New York.

26   14.   Accordingly, for diversity purposes, at the time of the filing of this
27   action and as of the date of this removal, Defendant is and has been a citizen of

LITTLER MENDELSON,
P.C.
Attorneys at Law
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937

7

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

the States of Connecticut, Delaware, Missouri, and New York. Because Plaintiff is a citizen of California and Defendant is a citizen of Connecticut, Delaware, Missouri, and New York, complete diversity exists between the parties for purposes of federal diversity jurisdiction.

15.    The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

## XIV.  AMOUNT IN CONTROVERSY

16.    The amount in controversy in the Complaint exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as required by Section 1332 (a).

17.    Plaintiff's Complaint does not specify the amount that he seeks to recover in this action. Consequently, Defendant need only establish by a preponderance of the evidence that the amount in controversy exceeds the statutory requirement in order to support a removal. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Perez v. Baxter Healthcare Corp.*, 2012 U.S. Dist. LEXIS 160051 (C.D. Cal. 2012).

18.    Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

19.    In measuring the amount in controversy, the Court must presume that Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The

LITTLER MENDELSON, P.C.
Attorneys at Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV
89169.5937

1  ultimate inquiry is the amount that is put "in controversy" by the complaint, and not

2  how much, if anything, the defendant will actually owe. *Rippee v. Boston Mkt. Corp.*,

3  408 F. Supp. 2d 982, 986 (S.D. Cal. 2005), *citing Schere v. Equitable Life Assurance*

4  *Soc'y of the United States*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing the ultimate

5  or provable amount of damages is not what is considered in the removal analysis;

6  rather, it is the amount put in controversy by the plaintiff's complaint).

7      20.    If the complaint does not clearly establish the jurisdictional amount,

8  then the Court may consider facts in the removal petition. *Singer,* 116 F.3d at 377;

9  *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("[W]e

10 reiterate that the amount-in-controversy inquiry in the removal context is not

11 confined to the face of the complaint.")

12     21.    In this case, the allegations of the Complaint make clear that the

13 damages Plaintiff seeks exceed $75,000. In addition to a declaratory judgment,

14 Plaintiff seeks: (1) general damages, (2) special damages, (3) compensatory

15 damages, including past and future lost earnings and other employment benefits,

16 costs of seeking other employment, and damages for emotional distress, humiliation,

17 and mental anguish; (4) statutory penalties; (5) unpaid overtimes wages; (6) premium

18 wages for missed rest periods; (7) attorneys' fees and costs; (8) prejudgment interest;

19 (9) restitution of all monies due to Plaintiff for unlawful business practices; (10)

20 punitive damages; (11) injunctive relief; (12) costs of suit; and (13) "other and further

21 relief as the Court deems just and proper." (Lee Decl., ¶ 2, Exh. A at pp. 17-18.)

22     22.    Plaintiff's Complaint alleges claims for violations of FEHA. (Lee Decl.,

23 ¶ 2, Exh. A at ¶¶ 27-51.)  The remedies available to a plaintiff who proves a violation

24 of FEHA include injunctive relief, actual damages, costs, and attorney's fees.

25 Attorney's fees that are potentially recoverable by statute are included in determining

26 the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th

27 Cir. 1998).

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937

9

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

23.    Plaintiff alleges that during his employment as a Field Technician with Defendant, he earned $33.12 per hour and received benefits including a company vehicle, performance bonuses, and overtime eligibility. (Lee Decl., ¶ 2, Exh. A at ¶¶ 13-14.) Plaintiff alleges that he was constructively discharged when Defendant "imposed an arbitrary 90-day deadline to secure alternative employment with the company" on or about (Lee Decl., ¶ 2, Exh. A at ¶¶ 18, 54).

25.    During Plaintiff's active employment, he was a full-time employee, and eligible for monthly performance achievement award based on performance metrics. (Declaration of Karen Hannah Decl. ("Hannah Decl."), ¶¶ 3-4.) If Plaintiff were to recover back wages from the date he received a letter imposing a 90-day window for Plaintiff to secure a new position on March 14, 2025, he potentially could recover back wages totaling approximately $17,222 (approximately 3 months wages at $33.12/hour[1]). Moreover, if the case proceeds to trial, which will likely be at least a year or more from when Defendant was served – he may be seeking a total of at least a year of lost wages, or approximately $68,889 plus $17,222 in back wages which is **$86,111** (over $75,000 threshold). (*Id.,* ¶ 4.)

26.    To the extent Plaintiff's claim for "lost wages" includes future earnings, such awards in California often span several years. *See Smith v. Brown-Forman Distillers Corp.,* 196 Cal.App.3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus.,* 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H & R Block, Inc.,* 24 Cal. App. 3d 695, 705 (1972) (ten years). Even estimating that Plaintiff seeks front pay damages for only one year, the amount of future wages in controversy in this case would total at least an additional **$68,889** (one year's wages). (Hannah Decl., ¶ 4.)

27.    The prayer for relief in Plaintiff's Complaint includes "general damages," or emotional distress damages. While it is difficult to estimate a potential

---

[1] $33.12 x 40 hours x 52 weeks = $68,889/annually

LITTLER MENDELSON,
P.C.
Attorneys at Law
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

award for emotional distress damages, such awards in retaliation cases may surpass $75,000 by themselves, separate from other damages also awarded. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2013), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. Thus, based on *Kroske* and other employment cases, the emotional distress component of Plaintiff's claims could amount to at least $25,000, if not more.

28.    In addition to compensatory damages, Plaintiff specifically seeks to recover his attorneys' fees. Although Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). Courts have noted that, in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum, especially when a plaintiff's claims, like those here, may not be immediately resolved. *Id.* at 1035; *see also Haase v. Aerodynamics, Inc.*, 2009 U.S. Dist. LEXIS 96563, 14-15 (E.D. Cal. Oct. 16, 2009) ("the Court does not address this argument as even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum").

29.    In this case, litigation of this action through trial would require Plaintiff to incur attorneys' fees that will very likely surpass the $75,000 amount in controversy requirement on its own. For example, using a conservative assumption that Plaintiff would seek fees at a rate of $250/hour, Plaintiff would only be required to establish 300 total hours of attorney work to reach the $75,000 threshold. If Plaintiff were to prevail at trial, it is likely that Plaintiff would claim more than $75,000 in attorneys' fees.

LITTLER MENDELSON,
P.C.
Attorneys at Law
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937

11

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

30.     In addition to the damages described above, Plaintiff also specifically seeks punitive damages, which must be considered in determining whether the amount in controversy exceeds $75,000. *See, e.g., Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). If Plaintiff were to establish liability for punitive damages, the award of such damages will likely exceed $75,000.

31.     Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). Thus, Defendant has abundantly carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

32.     For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

33.     Defendant does not concede Plaintiff's allegations are true, that his claims have any merit, that all of the above categories of damages or fees are available, or that the foregoing represents an appropriate method for calculating damages. Defendant provides the foregoing only to demonstrate that the amount in controversy, based on the relief sought by Plaintiff, plainly exceeds the $75,000 jurisdictional requirement.

## XV.    NOTICE OF REMOVAL

34.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record: Kyle DeCamp, Esq. and Joshua I. White, Esq., Laurel Employment Law, APC, 808 Wilshire

LITTLER MENDELSON, P.C.
Attorneys at Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937

12

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM

Boulevard,   Suite   200,   Santa   Monica,   California   90401,   Email: kyle.decamp@laurelemploymentlaw.com;  josh@laurelemploymentlaw.com.   (Lee Decl., ¶ 9.) In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles. (*Id.*)

## XVI.  CONCLUSION

35.   WHEREFORE, Defendant Charter Communications, LLC prays that the Court remove this civil action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:  June 20, 2025

LITTLER MENDELSON, P.C.

*/s/ Jamie Y. Lee*

Patrick H. Hicks
Jamie Y. Lee

Attorneys for Defendant
CHARTER COMMUNICATIONS,
LLC

LITTLER MENDELSON,
P.C.
Attorneys at Law
3960 Howard Hughes
Parkway
Suite 300
Las Vegas, NV
89169.5937

13

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT
4902-2361-3261.1 / 047830.1194
6/18/2025 2:17 PM